

BOSTON   CONNECTICUT   FLORIDA   NEW JERSEY   NEW YORK   WASHINGTON, DC

**RICHARD H. BROWN**
Attorney at Law
One Jefferson Road
Parsippany, NJ 07054-2891
T: (973) 966-8119 F: (973) 966-1015
rbrown@daypitney.com

April 29, 2019

**VIA ECF**

Hon. Peter G. Sheridan, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse, Room 4050
402 East State Street
Trenton, New Jersey 08608

      Re:    *Iowa Network Services, Inc.* v. *AT&T Corp.*
              Civil Action No.: 3:14-cv-03439-PGS-LHG

Dear Judge Sheridan:

      On behalf of Defendant AT&T Corp. ("AT&T"), I write in response to INS's letter dated April 26, 2019 (ECF No. 85), apprising the Court of an order by a Magistrate Judge in a case that INS brought against Sprint and that has been pending since 2010. Contrary to INS's assertion, that order does not support moving forward now with this case.

      *First*, the *INS-Sprint* case has a far different posture than this case. No party in that case requested a primary jurisdiction referral, and the Court never issued a referral. Rather, the "long simmering" case has been largely dormant for several years.[1] By contrast, in this case the Court referred matters to the FCC, and cases like *Peerless*, *Carnation*, and *Automobile Manufacturers* dictate maintaining the stay in this case until the referral is complete. Moreover, because there was no referral in *the INS-Sprint* case, the Magistrate Judge did not have to confront the situation in this case, which is that both parties are appealing the FCC's orders on the Court's referral, and that any proceedings this Court would now undertake could need to be redone if any of the appeals is successful. Indeed, the Magistrate Judge noted that Sprint did not ask for a stay of the *INS-Sprint* case pending resolution of these appeals to the D.C. Circuit. (4/24 Order at 2 n.1).

---

[1] 4/24 Order at 4. Pending before the Iowa court are several other related disputes (referred to as "Tier 1" cases in the April 24 order), and those cases have been pending since about 2007. In his recent order, the Magistrate Judge denied INS's request to move the *INS-Sprint* case ahead of those other "Tier 1" cases. 4/24 Order at 4. The Magistrate Judge also denied INS's request that Sprint pay a bond, because "with liability contested, determination of damages an open question, and no judgment in INS's favor there is simply no authority to impose such a requirement." *Id.*

**DAY PITNEY** LLP

Hon. Peter G. Sheridan
April 29, 2019
Page 2

*Second*, in the *INS-Sprint* case, Sprint had filed various dispositive motions in 2011, "seek[ing] dismissal of INS's tariff claims based on the argument there was no end-user with the result INS's tariffs simply did not apply." 4/24 Order at 2-3. Additionally, Sprint had advocated that the court should resolve its motions prior to considering INS's dispositive motions. In permitting INS to proceed with its dispositive motion, the Magistrate Judge based his decision on the view that it "makes sense" for the court to consider the parties' "competing motions" simultaneously. *Id.* at 3. No such considerations are at issue in this case.

To the contrary, the Court in 2015 denied INS's motion for summary judgment and motion to dismiss AT&T's counterclaims, in which INS argued that it was entitled to an immediate judgment because of the filed tariff doctrine and the supposedly "deemed lawful" nature of its tariffs. (ECF No. 43). The Court rejected those claims and determined that referral was appropriate. Now, even though the referral and appeals are not complete, INS asks the Court to grant it a second opportunity for a dispositive motion, making the same "filed tariff-deemed lawful" arguments that the Court rejected previously. There is no need for the Court to re-hear those claims until the FCC has completed its work and the competing appeals regarding the rate issues have been resolved.

In this regard, it is noteworthy that the Iowa court never referred any such issues to the FCC and the Magistrate Judge's order allows Sprint to conduct discovery regarding the furtive concealment and possibly other issues. 4/24 Order at 3-4. In this case, by contrast, the Court has recognized that such issues are more properly handled by the FCC, and as it recently explained, it does not want to "get involved in the rate-making process, when they have experts that do this." Tr. at 31:2-5 (Apr. 9, 2019) (relevant portion attached hereto as Ex. A). Although INS wants the Court to move forward based on the order in the *INS-Sprint case*, nothing in INS's April 26 letter (or its prior filings) indicates that INS would be agreeable to permitting discovery on the furtive concealment or other rate issues in this case.

*Third*, nothing in the Magistrate Judge's order addresses the question of what, if anything, Sprint is currently paying INS. By contrast, in this case, since February 2018, AT&T is paying INS's current tariff rate and has made clear that it will continue to do so in the future, subject to its right to receive any refunds that the FCC may conclude INS must pay pursuant to the accounting order that is currently in place.

For the foregoing reasons, the Iowa court's order does not support moving forward in this case, and the Court should maintain the stay.

Respectfully submitted,

*/s/Richard H. Brown*

Richard H. Brown

RHB
cc: Counsel of Record (via ECF)